Samuel Bevan
vs.                         No. 56721
Ralph Comstock

February 12, 1927

RESCRIPT

SUMNER, J. Plaintiff has brought suit for an assault claimed to have been committed upon him by the defendant. The jury brought in a verdict for the plaintiff for $3000 and defendant has filed his motion for a new trial.

The plaintiff testified that he returned to the Home Boarding House, where he was lodging, about eleven o'clock one Saturday night; he went upstairs, had some words with the defendant, who was acting as clerk;

that defendant struck him and he fell down a flight of stairs; that defendant came down, picked him up, knocked three teeth out, searched his pockets for a key, and then opened the door and threw him out on his head; that when he came to he was in the police station with a broken right leg, his right ear partly severed and a cut on the back of his head, and subsequently he spent five weeks at the hospital. The plaintiff offers no witness in corroboration of his story.

The defendant testified that the plaintiff, who had been turned out of the house some time before for not paying his board, came this Saturday night at 11 P. M. with another man by the name of Lindstrom; that he was drunk, some words passed and defendant finally took him by the arm and put him out of the door onto the sidewalk and his friend guided him away. He denies that he made any assault upon him.

The defendant's story is corroborated by one Wilfred Girard, who testified that he heard no noise of anybody falling down stairs and that as he stood on the landing above, he saw plaintiff and Lindstrom on the floor below and Lindstrom went out; that defendant came in fifteen or twenty minutes later and that after some words he grabbed plaintiff and put him out, saying: "Go out and sleep in the snow a little while; you are drunk;" that when he first saw plaintiff he was at the bottom of the stairs sitting down, and that defendant had to help him up onto his feet as plaintiff could apparently not stand up; that he saw the defendant make no assault upon the plaintiff.

The defendant claims that about one o'clock, his attention was called to the fact that the plaintiff was lying on the other side of the street opposite the boarding house, and he called the police station.

The plaintiff claimed that he was a janitor in a near-beer saloon, cleaned up, tapped beer, and occasionally acted as bartender; that on that night he had had two drinks of whiskey (?) and one drink of near-beer (?); that he "would not say he was perfectly sober" but was "not drunk."

The type of the man and his environment were not such as to give assurance of his veracity. At the police station he was booked as a drunk. It is improbable that with a broken leg he crossed the sidewalk and got in the gutter on the other side of the street where he was found. According to his claim, he must have been lying in the snow "over the tops of his shoes" on a cold winter's night for some two hours and yet he was not frost-bitten and not discovered.

Mrs. Guiente, the aunt and foster-mother of the defendant, testified that she sent for the plaintiff to come and get some clothing after he was out of the hospital, and that he said he did not know who did it but the boys said Ralph did it.

The Court believes that the plaintiff was intoxicated on the night in question and did not know what he was doing. In the two hours interval he may have been in a brawl, he may have been knocked down by an automobile; he may have fallen downstairs at some other place. His story does not carry conviction.

Defendant's motion for a new trial granted.

For Plaintiff: John R. Higgins.

For Defendant: Greene, Kennedy & Greene.